**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESSICA BERGER, TIMOTHY RENDAK, AND PATRICK MCCUMBER, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED, KNOWN OR UNKNOWN, <br><br> PLAINTIFFS, <br><br> v. <br><br> PIKR, LTD., PERRY'S RESTAURANTS, LTD., PERRY'S STEAKHOUSE OF ILLINOIS, LLC, D/B/A PERRY'S STEAKHOUSE AND GRILLE, PBS HOLDINGS, INC., HOWARD CORTES, AND CHRISTOPHER V. PERRY, <br><br> DEFENDANTS. | No. 14 C 8543 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jessica Berger, Timothy Rendak, and Patrick McCumber worked as servers at Perry's Steakhouse and Grille in Oak Brook, Illinois. They allege that the defendants failed to pay them all the tips that they were entitled to, and required them to perform non-tip work at the discounted "tip-credit" rate.[1] Four of the six defendants in this case—PIKR, Ltd., Perry's Restaurants, Ltd. ("PRL"), Perry's Steakhouse of Illinois, LLC ("Perry's Illinois"), and Christopher Perry (collectively, the "Moving Defendants")—have moved to dismiss the plaintiffs' complaint under Rule 12(b)(6) for failure to state a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and the Illinois Minimum Wage Law ("IMWL"), 820

---

[1] The tip-credit wage is a wage below the prevailing minimum wage that the FLSA allows employers to pay to "tipped employees" for tipped work (e.g., waiting tables). *See* 29 U.S.C. § 203(m) and (t).

ILCS 105/1-15, and for lack of personal jurisdiction under Rule 12(b)(2). For the reasons explained below, the Court: (1) grants the Rule 12(b)(6) portion of the corporate defendants' motion; (2) denies the Rule 12(b)(6) portion of defendant Christopher Perry's motion; and (3) takes under advisement the Rule 12(b)(2) portions of defendants' motions.

## BACKGROUND

The plaintiffs allege, on information and belief, that the defendants used a portion of the tip money that the plaintiffs should have received for general business expenses. R. 9 ¶ 27. They further allege that the defendants required them to perform non-tip work—e.g., cleaning, set-up, and food preparation—at the reduced tip-credit wage. *Id.* at ¶¶ 31-33. Defendant Perry's Illinois, an Illinois limited liability company, "operates" the restaurant. *Id.* at ¶ 9. Defendant Howard Cortes was the restaurant's general manager during the relevant time period. *Id.* at ¶ 15. Defendants PIKR, PRL, and PBS are all Texas entities. *Id.* at ¶¶ 11-13. PRL is "the parent company for all Perry's Steakhouse and Grill Restaurants in the United States." *Id.* at ¶ 12. PBS "manages" PRL. *Id.* at ¶ 13. Christopher Perry, a Texas resident, is the President and Director of PBS, and the registered agent for PBS, PIKR, and PRL. *Id.* at ¶ 14. The plaintiffs allege that Perry "owns" Perry's Illinois,[2]

---

[2] The Court takes judicial notice of the fact that Perry is listed in the Illinois Secretary of State's online database as the manager of Perry's Illinois. *See* "LLC Managers," Perry's Illinois, *available at* http://www.ilsos.gov/corporatellc/ CorporateLlcController?command=mms&fileNbr=04210425&type=MGR (last visited Apr. 30, 2015); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012) (the court may take judicial notice of public records when ruling on a motion to dismiss).

and that he "had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures." *Id.*

The plaintiffs have asserted claims against the defendants for: (1) violations of the FLSA (Count I – all defendants); (2) violation of the IMWL (Count II – all defendants); (3) breach of contract (Count III – Perry's Illinois); and (4) unjust enrichment (Count IV – Perry's Illinois). Perry's Illinois and Cortes have answered the complaint. *See* R. 41, 17; R. 40 ¶ 15. Perry's Illinois admits that it "employed" the plaintiffs. R. 41 ¶¶ 17, 36-39. Cortes admits that he "had the authority to hire and fire employees at [the Oakbrook restaurant], to direct and supervise their work, and to make decisions concerning employee raises and employee timekeeping," R. 40 ¶ 15, but denies that he "personally" employed the plaintiffs, *id.* at ¶ 17. The Moving Defendants have moved to dismiss the claims against them for failure to state a claim and lack of personal jurisdiction.

### LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

It is the plaintiffs' burden to establish that the defendants are subject to this Court's personal jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). On a Rule 12(b)(2) motion to dismiss, the Court may "receive and weigh" affidavits and other evidence outside the pleadings. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (citation and internal quotation marks omitted). The plaintiffs "need only make out a *prima facie* case of personal jurisdiction" because the Court has not held an evidentiary hearing to resolve factual disputes. *Id.* (citation and internal quotation marks omitted). The Court construes the plaintiffs' complaint "liberally with every inference drawn" in

their favor. *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009).

ANALYSIS

I. **Whether the Plaintiffs Have Stated a Claim for Relief Against the Moving Defendants**

PIKR, PBS, and PRL argue in their joint motion to dismiss that the plaintiffs have not adequately alleged that they are liable for the wage-law violations asserted in the complaint. The FLSA allows employers to pay "tipped employees" an hourly wage below the prevailing minimum wage for tipped work (e.g., waiting tables). *See* 29 U.S.C. § 203(m) and (t).[3] The employer may "pool" tips and then distribute the money to tipped employees, but it may not retain any portion of those tips. *Id.* at § 203(m). The FLSA broadly defines the term "employer":

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

*Id.* at § 203(d). Whether a defendant "employs" a plaintiff within the meaning of the statute depends on the "economic reality" of the parties' relationship. *Nehmelman v. Penn Nat. Gaming, Inc.*, 790 F. Supp. 2d 787, 795 (N.D. Ill. 2011). Relevant factors include whether the employer: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment

---

[3] The IMWL mirrors the FLSA, so the Court's FLSA analysis also applies to plaintiffs' IMWL claims. *See, e.g.*, *Deschepper v. Midwest Wine and Spirits, Inc.*, No. 13 CV 8379, 2015 WL 1433230, at *7 (N.D. Ill. Mar. 26, 2015).

records." *Id.* (citation and internal quotation marks omitted). The plaintiffs' complaint contains the types of allegations that would support an FLSA claim against the entity defendants. *See* R. 9 ¶¶ 17-33. It does not, however, specify each defendant's alleged role with respect to the plaintiffs' employment. Instead, it alleges that the "defendants," collectively, operate the restaurant, including work assignments and tip pooling. *See, e.g.*, R. 9 ¶ 31 ("*Defendants* require servers to regularly perform activities commonly referred to as 'side work,' 'opening side work,' and/or 'closing side work.'") (emphasis added). These allegations are facially plausible as applied to Cortes, who was responsible as general manager for the restaurant's day-to-day operations. They are less plausible as applied to corporate defendants further up the organizational chain. The plaintiffs' group pleading does not provide each defendant with adequate notice of the claims against it. So, the plaintiffs' claims against PIKR, PBS, and PRL are dismissed without prejudice.

The complaint's allegations against Christopher Perry mirror the allegations against Cortes. The plaintiffs allege that Perry, like Cortes, "had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour classifications, employee compensation, employee timekeeping and capital expenditures." R. 9 ¶ 14. This boilerplate allegation is somewhat less plausible as applied to Perry, a Texas resident. On the other hand, the plaintiffs allege that

Perry owns Perry's Illinois, and he is the limited liability company's manager.[4] Although it is a close question, the Court concludes that the complaint states a claim against Perry under the FLSA and the IMWL.

## II. Whether the Plaintiffs Have Made a Prima Facie Case of Jurisdiction Over the Moving Defendants

In federal question cases, *see* R. 9 ¶ 3, "a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). Where, as here, the federal statute at issue does not authorize nationwide service of process, *see Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992), the Court may exercise jurisdiction over the defendants only "if it would be permitted to do so under the Illinois long-arm statute." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)). The Illinois long-arm statute contains a catch-all provision authorizing jurisdiction on any "basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). Therefore, "the state statutory and federal constitutional requirements merge." *uBid*, 623 F.3d at 425.

---

[4] Cortes states in his declaration that he and his staff independently managed the restaurant. His declaration is outside the pleadings, and the Court declines to consider it in connection with the defendants' Rule 12(b)(6) motions. *See* Fed. R. Civ. P. 12(d).

The pleading deficiencies that the Court previously identified also undermine the plaintiffs' jurisdictional arguments. In its current form, the complaint does not separately identify the Illinois contacts of each corporate defendant. To bolster their argument that the corporate defendants are subject to jurisdiction in this Court, the plaintiffs have submitted an email that they received from the Texas Secretary of State's Office and screenshots from the website for the Perry's Steakhouse restaurant chain. *See* R. 42-1 and R. 42-2. The information in the email merely establishes that PIKR, PBS, and PRL are corporate affiliates with a common registered agent (Perry) and the same address in Houston, Texas. *See* R. 42-1 at 2-5. "[C]onstitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *See Central States S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). The same principle applies to Perry:

> The primary purpose of the corporate form is to prevent a company's owners, *whether they are persons or other corporations*, from being liable for the activities of the company. Where corporate formalities have been observed, a company's owners reasonably expect that they cannot be held liable for the faults of the company. Thus, such owners do not reasonably anticipate being hailed into a foreign forum to defend against liability for the errors of the corporation.

*Id.* at 944 (emphasis added). The plaintiffs argue that the overarching brand ("Perry's Steakhouse") and Perry's roles at the various companies indicate that Perry's Illinois is simply an agent of the out-of-state defendants. *See* R. 42 at 10-11.

These are relevant factors, *see Schultheis v. Community Health Sys., Inc.*, No. 11-0435-DRH, 2012 WL 253366, at *3 (S.D. Ill. Jan. 26, 2012), and the inference of control that the plaintiffs ask the Court to draw is bolstered by Cortes's statement that PRL "employed" him:

> Perry's Steakhouse of Illinois, LLC is a wholly-owned subsidiary of Perry's Restaurants, Ltd. Perry's Restaurants, Ltd. had no daily, operational control of Perry's Steakhouse of Illinois, LLC, its employees, or its personnel actions *other than employing me (and, later, my successor) to serve as general manager*. To my knowledge, neither Perry's Restaurants, Ltd., PIKR, Ltd., PBS Holdings, Inc. nor Christopher Perry reside in Illinois, are registered to do business in Illinois, or conduct business in Illinois.

R. 43-4 ¶ 6 (emphasis added). On the other hand, Cortes also states in his affidavit that he and his staff controlled the restaurant's day-to-day operations, including work schedules and payroll, and that "[n]o one outside of the Illinois Perry's [sic] exercised such authority." *Id.* at ¶ 4. He further states that, "[to his] knowledge," Perry's Illinois "maintains one or more separate business bank accounts from any other entity, including a separate payroll account." *Id.* at ¶ 5; *but see id.* at ¶ 8 ("I reserve the right to amend this Declaration in the future if it should appear at any time that omissions or errors have been made, or that additional or more accurate information has been obtained."). His unrebutted declaration trumps the complaint's allegations that the other defendants supervised and directed employees at the Oak Brook restaurant. *See Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003) ("[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence

supporting the exercise of jurisdiction."); *see also GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009) ("[W]e accept as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff.").

The Court concludes that there is sufficient doubt regarding the relevant facts that an evidentiary hearing is warranted. In connection with such a hearing, the plaintiffs have requested jurisdictional discovery. *See* R. 56 at 4-5. "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Reimer*, 230 F.3d at 947. Several factors persuade the Court that limited jurisdictional discovery is warranted here. First, the just-cited case law regarding corporate affiliation may be irrelevant if PRL *employed* Cortes to manage the restaurant on its behalf, in which case PRL would be transacting business in Illinois. *See supra*; *cf.* R. 47 at 3 n.5 (arguing that PRL merely "selected" Cortes for the general-manager position). Second, as the Court already discussed, there is some evidence in the record supporting the conclusion that control over the restaurant chain is centralized in Texas. Third, it is not clear that Cortes, a general manager at one Perry's Steakhouse restaurant, can provide a complete and accurate picture of Perry's Illinois's position within the larger corporate hierarchy. No other witness has provided testimony. Under the circumstances, the Court concludes that the plaintiffs are entitled to test the company's alleged independence through limited discovery before the Court rules on the defendants' Rule 12(b)(2) motions.

## Conclusion

For the foregoing reasons, the Court grants the Rule 12(b)(6) portion of the corporate defendants' motion to dismiss, and takes under advisement the Rule 12(b)(2) portion of that motion, R. 25. The Court denies the Rule 12(b)(6) portion of Christopher Perry's motion, and takes under advisement the Rule 12(b)(2) portion of that motion, R. 50. The plaintiffs' claims against PIKR, PBS, and PRL are dismissed without prejudice. If the plaintiffs believe that they can overcome the deficiencies the Court has identified, they may file a motion for leave to file an amended complaint and notice it for hearing on June 3, 2015 at 9:00 a.m. The Court sets a status hearing for that same date, June 3, 2015, to address the plaintiffs' amended complaint (if any), the scope of jurisdictional discovery, and to set a date for an evidentiary hearing.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: May 8, 2015